[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12214
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00106-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAKIA PALMER,
a.k.a. Nakia Cox,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 3, 2019)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Nakia Palmer appeals her convictions and 24-month total sentence for aiding and abetting mail fraud, aiding and abetting theft of government property, aiding and abetting social security benefit fraud, and fraudulent acquisition of food stamps, in violation of 7 U.S.C. § 2024(b), 18 U.S.C. §§ 2, 641, 1341, and 42 U.S.C. § 1383a(a)(3).  No reversible error has been shown; we affirm.

On appeal, Palmer argues that the district court erred in sustaining the government's reverse Batson[1] challenge to Palmer's peremptory strike of venire member 10 ("Juror 10").  We review for clear error a district court's ruling on a Batson challenge.  United States v. Walker, 490 F.3d 1282, 1291 (11th Cir. 2007).  Because "the trial judge is in the best position to evaluate an attorney's candor and ferret out purposeful discrimination," we afford great deference to the district court's decisions about the genuineness of a party's stated reasons for using a peremptory strike.  Id. at 1294.

The Equal Protection Clause prohibits litigants from striking potential jurors based on race.  Batson, 476 U.S. at 85-86 (prosecutors); Ga. v. McCollum, 505

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

U.S. 42, 59 (1992) (criminal defendants).  In <u>Batson</u>, the Supreme Court announced a three-step test for evaluating challenges to peremptory strikes: (1) the party objecting to the strike "must make a <u>prima facie</u> showing that the peremptory challenge is exercised on the basis of race;" (2) the striking party then has the burden to "articulate a race-neutral explanation for striking the jurors in question;" and (3) the "court must determine whether the objector has carried its burden of proving purposeful discrimination."  <u>United States v. Allen-Brown</u>, 243 F.3d 1293, 1297 (11th Cir. 2001).

Here, the government raised a reverse <u>Batson</u> challenge to three venire members struck by Palmer, including Juror 10.[2]  That the government established a <u>prima facie</u> case under <u>Batson</u>'s first step is undisputed: Palmer (who is black) used all seven of her peremptory strikes on white venire members.

In response to the government's objection, Palmer explained that she struck Juror 10 because Juror 10's daughter worked for the State of Alabama Department of Transportation ("DOT") and because Juror 10's son was a police officer. Although the district court made no express finding that Palmer's proffered reasons were race-neutral, Palmer's reasons satisfied clearly her burden under <u>Batson</u>'s second step.  <u>See Walker</u>, 490 F.3d at 1293 (explaining that any plausible reason

---

[2] The district court denied the government's challenges to Palmer's striking of venire members 8 and 29.

3

can satisfy the striking party's burden -- even reasons deemed "superstitious, silly, or trivial" -- as long as the reason is race-neutral).

About Batson's third step,[3] the government argued in rebuttal that Palmer failed to strike another venire member whose child was a police officer and that the DOT had no connection to Palmer's case. The district court determined that Palmer's stated reasons were pretextual. The district court explained that the venire panel included 27 or 28 members who were themselves or whose family members were state employees and at least one other member whose child was a police officer, none of whom were struck by Palmer. That these similarly-situated venire members were not struck is evidence of purposeful discrimination. See United States v. Houston, 456 F.3d 1328, 1338 (11th Cir. 2006) (noting that if the "stated reason for striking black venire members applies with equal force to white venire members, and the similarly situated white members are not struck, that is evidence tending to prove purposeful discrimination at Batson's third step."). We defer to the district court's determination about the genuineness of Palmer's stated

---

[3] We reject Palmer's assertion on appeal that the district court misapplied the three-step Batson analysis. First, we generally will not address arguments raised for the first time on appeal. See United States v. Houston, 456 F.3d 1328, 1338 (11th Cir. 2006). Second, Palmer's characterization of the district court's analysis is unsupported by the record: nothing evidences that the district court failed to address properly Batson's third step.

reasons.  The district court committed no clear error in sustaining the government's

Batson challenge.

AFFIRMED.

JORDAN, Circuit Judge, Concurring.

I agree that the district court did not commit clear error, and therefore join the majority opinion. The issue, however, is not as one-sided as the government suggests. There was no other prospective juror who, like Juror 10, had a child who was a police officer.